## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

| | | |
|---|---|---|
| EDWARD HESTER, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 6:06-CV-11 (WLS) |
| | * | 28 U.S.C. § 2254 |
| CALHOUN STATE PRISON and | * | |
| THE STATE OF GEORGIA, | * | |
| (KEVIN ROBERTS, WARDEN) | * | |
| | * | |
| Respondents | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Unexhausted. Petitioner was notified of his right to respond to the Motion but failed to do so in the allotted time. The procedural history of ths case reveals that on March 21, 2005, Petitioner Hester, who is currently incarcerated in the Calhoun State Prison in Morgan, Georgia, plead guilty in the Grady County Superior Court to one count of burglary and one count of entering an automobile. (R-12, Ex. 1). Petitioner states that he was sentenced to ten years in prison and a fine in the amount of $2000.

In his Motion to Dismiss (R- 9), the Respondent contends that the Petitioner failed to file a direct appeal of his guilty plea nor a state habeas corpus petition, thus requesting that the court dismiss the application as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been

exhausted in state court.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971).  Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B) (i) there is an absence of available State corrective process; or
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> 
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

In his complaint, the Petitioner states that he did not file a direct appeal and further stated, in explaining why he failed to appeal the denial of any petition, application or motion, that "I'm doing it now. I had no knowledge to do legal work." (R-2, p. 2,3).

As stated above, this court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case.  Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies.  Petitioner may file another application at the

conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 9th day of August, 2006.

                                              s/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE

sWe